UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

LAMARRAY CHASE, SR.,

                Plaintiff,

v.                                           Case No. 18-cv-594-wed-pp

MILWAUKEE COUNTY JAIL, *et al.*,

                Defendants.

─────────────────────────────────────────────

**ORDER ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 10), DENYING MOTION TO APPOINT COUNSEL (DKT. NO 11) AND RETURNING CASE TO JUDGE DUFFIN**

─────────────────────────────────────────────

      Plaintiff Lamarray Chase, Sr. is representing himself. He filed a lawsuit under 42 U.S.C. §1983, alleging that various officials at the Milwaukee County Jail were deliberately indifferent to his medical needs after he'd been shot. Dkt. No. 1. This case is assigned to Magistrate Judge William Duffin. He reviewed the complaint, granted the plaintiff's motion for leave to proceed without prepaying the filing fee and issued a report and recommendation, dkt. no. 9, because some of the parties have not appeared in the lawsuit and have not been able to decide whether to consent to the magistrate judge's authority to issue final decisions in the case. Coleman v. Labor & Indus. Review Comm. of the State of Wis., 860 F.3d 461, 475 (7th Cir. 2017); 28 U.S.C. §§636(b)(1)(A), 636(c)(1).

      The plaintiff did not object to Judge Duffin's recommendation, so the court reviews it for clear error. Fed. R. Civ. P. 72(a); Johnson v. Zema Sys.

1

Corp., 170 F.3d 734 (7th Cir. 1999). The court finds that Judge Duffin did not commit any clear error in his analysis and will adopt his recommendation.

The plaintiff's complaint concerns medical care he received while incarcerated at Milwaukee County Jail. Dkt. No. 1 at 2. He listed the jail, Nursing Staff, David A. Clarke, Major Debra Burmeister, C.O. Schmitt, C.O. Blue, C.O. Whiteside and Lt. Gold as defendants. Id. at 1. He'd been shot, and he alleged that nurses were not changing his dressing regularly or helping him shower. Id. He asserted that he had to sleep on bloody sheets. Id. at 2. The plaintiff said that he complained to defendants Schmitt, Blue, Whiteside and Gold about the lack of medical care. Id. The plaintiff alleged that he was in a lot of pain and developed an infection after about two and a half months. Id. Ultimately, he had to be hospitalized and undergo surgery to remove the bacteria from his wound. Id.

Judge Duffin made several recommendations. First, he recommended that this court dismiss the jail as a defendant because it is not a suable entity under §1983. Dkt. No. 10 at 3–4. The court agrees. Jails, and sheriff's departments, are not "legal entit[ies] separable from the county government which [they] serve [] . . . ." Whiting v. Marathon Cty. Sheriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004). As Judge Duffin noted, there are instances in which a county can be sued under §1983, dkt. no. 10 at 4, such as when a plaintiff alleges that a government policy or custom resulted in a constitutional violation, see Wilson v. Cook Cty., 742 F.3d 775, 779 (7th Cir. 2014) (citing Monell v. Dep't of Social Sev's of City of New York, 436 U.S. 658 (1978)). But

the plaintiff's complaint does not allege that a county custom, practice or policy caused him harm. The court will adopt Judge Duffin's recommendation and dismiss the jail as a defendant.

Second, Judge Duffin recommended that this court dismiss defendants Clarke and Burmeister as defendants. Dkt. No. 10 at 4–5. He noted that though the plaintiff included Clarke and Burmeister in the caption of his complaint, the body of the complaint did not include any factual allegations about them. A plaintiff "must demonstrate a causal connection between (1) the sued official and (2) the alleged misconduct." Colbert v. City of Chi., 851 F.3d 649, 657 (7th Cir. 2017) (citing Wolf-Lille v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983)). Without any allegations about Clarke or Burmeister, the plaintiff cannot demonstrate a connection between these defendants and the alleged violations of his rights. The court will adopt Judge Duffin's recommendation and dismiss Clarke and Burmeister as defendants.

Third, Judge Duffin recommended that this court allow the plaintiff to pursue claims against the remaining defendants that they violated the Eighth Amendment by exhibiting deliberate indifference to his medical needs. Judge Duffin noted that the plaintiff did not explain in the complaint whether he was a pretrial detainee or convicted prisoner at the time of these events. Before 2015, that issue would not have been relevant to this court's determination about whether the plaintiff had stated a claim for deliberate indifference. Phillips v. Sheriff of Cook Cty., 828 F.3d 541, 554 (7th Cir. 2016). After the Supreme Court decided Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015),

however, the Seventh Circuit Court of Appeals held that courts must analyze a constitutional claim based on medical care differently for pretrial detainees and convicted prisoners. Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018). Now, courts analyze a convicted prisoner's claims under an Eighth Amendment standard and a pretrial detainee's claims under the Fourteenth Amendment, using the "objective reasonable inquiry identified in Kingsley." Id.

The Eighth Amendment standard is more stringent than the Fourteenth Amendment standard. To state a claim for deliberate indifference to serious medical needs under the Eighth Amendment, a plaintiff must allege that (1) he suffered from an objectively serious medical condition, and (2) that the defendants were deliberately indifferent to that condition. Wilson v. Adams, 901 F.3d 816, 820 (7th Cir. 2018) (citations omitted). Officials are deliberately indifferent when they disregard known conditions that pose excessive risks to an inmate's health. Id. (citations omitted).

Judge Duffin applied the Eighth Amendment standard, the more stringent standard, explaining that if the plaintiff had stated a claim under the more stringent Eighth Amendment standard, he necessarily would have stated a claim under the Fourteenth Amendment. Dkt. No. 10 at 5–6. Judge Duffin recommended that this court allow the plaintiff to proceed against "Nursing Staff" for failing to change his dressings and help him shower. He also recommended that this court substitute "John and Jane Doe Nurses" for "Nursing Staff." Id. at 6; see Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 556 (7th Cir. 1996). The court agrees and will substitute "John and Jane Doe

4

Nurses" for "Nursing Staff" and permit the plaintiff to proceed against the John and Jane Doe Nurses.

Judge Duffin also recommended that the court add Nurse Franko as a defendant, Donald, 95 F.3d at 556, and allow the plaintiff to proceed against her. Dkt. No. 10 at 6. The court agrees. The plaintiff alleges that Franko failed to help him shower on the days he needed one. Dkt. No. 1 at 2. That is sufficient to allege that she acted with deliberate indifference.

The court also agrees with Judge Duffin's recommendation to allow the plaintiff to proceed against Schmitt, Blue, Whiteside and Gold based on the plaintiff's allegations that he complained to them about his medical care. As Judge Duffin pointed out, nonmedical officers are entitled to defer to jail health professionals' judgment, but they still can be subject to liability if they know (or have reason to know) that an inmate is receiving inadequate (or no) medical care. McGee v. Adams, 721 F.3d 474, 483 (7th Cir. 2013). The plaintiff may proceed against defendants Schmitt, Blue, Whiteside and Gold for failing to ensure he was receiving adequate medical care.

Finally, the court will deny the plaintiff's motion to appoint counsel. It is too early for the court to consider whether to appoint a lawyer for the plaintiff. The next step in the process is for the court to serve the complaint on the defendants, and to give the defendants a chance to answer or respond to the complaint. Until the defendants answer, there isn't anything that a lawyer could do for the plaintiff. Kadamovas v. Stevens, 706 F.3d 843, 845 (7th Cir.

2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged.").

Once the defendants have answered the complaint, the plaintiff may renew his motion. The plaintiff should be aware, however, that the court cannot appoint a lawyer for every inmate who asks. Courts have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). Before a court will do so, a litigant must make a reasonable attempt to secure private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Once a plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, the court examines "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide this, the court looks not only at a plaintiff's ability to try his case, but at his ability to perform other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

The plaintiff's motion says that he contacted three lawyers seeking help, without success. He attached to his motion letters from two of those lawyers. The court is satisfied that he has made a reasonable attempt to find a lawyer on his own. The court notes, however, that the circumstances the plaintiff describes in his motion are not unique—most inmates who file civil cases have

no legal training, limited education, and limited resources. Nearly all inmates ask the court to recruit counsel to represent them. As a result, the demand for *pro bono* attorneys is very high, but the supply of attorneys who have the time or ability to volunteer their time to represent inmates is low. Courts must look closely at the issues in the case and the capacity of the particular plaintiff to determine whether the plaintiff is incapable of proceeding without a lawyer.

So far, the court has been able to read and understand the plaintiff's pleadings. The court realizes that the plaintiff has had the help of inmate legal assistance, and that he may not have that help at some point in the future. If that time comes, the plaintiff may renew his motion to appoint counsel, and explain what it is about his particular circumstances that makes it impossible for him to represent himself.

The court **ADOPTS** Judge Duffin's recommendations. Dkt. No. 10.

The court **DISMISSES** defendants Milwaukee County Jail, David A. Clarke, Jr. and Major Debra Burmeister as defendants.

The court **SUBSTITUTES** "John and Jane Does Nurses" for "Nursing Staff" in the caption and complaint.

The court **ADDS** Nurse Franko as a defendant.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 11.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on

7

defendants Nurse Franko, C.O. Schmitt, C.O. Blue, C.O. Whiteside, and Lt. Gold. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $345.78 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

The case is no longer referred to United States District Judge Pepper. The court **RETURNS** this case to United States Magistrate Judge William Duffin further proceedings.

Dated in Milwaukee, Wisconsin, this 8th day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Court Judge**