UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAMARRAY CHASE, SR.,

                Plaintiff,

v.                                  Case No. 18-cv-594-pp

C.O. SCHMITT, *et al.*,

                Defendants.

---

**ORDER OPENING DISCOVERY FOR LIMITED PURPOSE OF IDENTIFYING IMPROPERLY NAMED AND UNKNOWN DOE DEFENDANTS AND DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (DKT. NO. 19)**

---

      The plaintiff is an inmate at the Racine Correctional Institution and is representing himself. In April 2018, he filed a complaint against numerous officials at the Milwaukee County Jail based on allegations that they violated his constitutional rights by failing to provide him proper medical care for his gunshot wound. Dkt. No. 1. Magistrate Judge William E. Duffin, the judge assigned to this case at the time, issued a report and recommendation screening the plaintiff's complaint. Dkt. No. 10. This court adopted the recommendation and allowed the plaintiff to proceed against C.O. Schmitt, Diane Blue (sued as C.O. Blue), George Gold (sued as Lt. Gold), C.O. Whiteside, Nurse Franko and John and Jane Doe officers. Dkt. No. 12 at 3–5. The court directed that the complaint and the order adopting Judge Duffin's report and recommendation be served on the defendants.[1] Id. at 7–8.

---

[1] In its order, the court ordered electronic service based on the memorandum of understanding between this court and the Wisconsin Department of Justice. Dkt. No. 12 at 7–8. The court should have directed electronic service on the defendants based on the memorandum of understanding between this court and *Milwaukee County*, because the defendants were employed at the

1

## I. Issues with Service

About a month after the court adopted Judge Duffin's recommendation, an attorney from Milwaukee County Corporation Counsel entered an appearance, dkt. no. 13, and accepted service on behalf of two of the named defendants—Gold and Blue—indicating that no one with the last name "Schmitt" or "Whiteside" ever had been employed at the Milwaukee County Jail. Dkt. No. 14. The same day, the Clerk of Court transmitted the summons, complaint and screening order to the United States Marshal Service ("USMS") for service on Nurse Franko, who is not a Milwaukee County employee. Dkt. No. 17.

Nurse Franko was employed by the health services provider that contracted with the jail. Between the time the plaintiff was an inmate at the jail and the time the USMS tried to serve Franko, the health services provider changed from Armor Correctional Health Services to a company called Wellpath. So, when the USMS tried to serve Franko the first time, neither Wellpath nor the jail could identify her without a full name. The USMS then forwarded the service packet to Armor.

By January 24, 2020, there was no update from the USMS about service on Franko. On February 4, 2020, the clerk's office asked for another update. The next day, the clerk's office again transmitted the summons, complaint and screening order to the USMS, asking that they attempt service at the jail and with the registered agent for Armor. Dkt. No. 20. On March 16, 2020, the waiver of service form sent to Franko via the jail was returned unexecuted. Dkt. No. 21. The USMS then tried serve Franko via Milwaukee County Corporation

---

Milwaukee County Jail, not a state institution. Despite that error, the defendants received the complaint.

Counsel. Dkt. No. 22. On April 10, 2020, an attorney from the Corporation Counsel wrote a letter to the plaintiff (and submitted it to the court) explaining that Franko was not and never had been a Milwaukee County employee, so they could not accept service on her behalf. Dkt. No. 23. Counsel explained that Franko was an employee of Armor. Id. It appears that the USMS most recently left a copy of the service packet with Armor's registered agent. Dkt. No. 24. The USMS has confirmed to clerk's office staff that they have exhausted their methods to try to serve Nurse Franko without more identifying information.

So, as of now, three named defendants have not been served: Nurse Franko, C.O. Whiteside and C.O. Schmitt. There is also a John and Jane Doe placeholder for the nurses the plaintiff sued as Nursing Staff. In order to ensure that the plaintiff has an opportunity to identify all the defendants and that all the defendants can proceed with the case simultaneously, the court is ordering that discovery be opened for the limited purpose of properly identifying Nurse Franko, C.O. Whiteside, C.O. Schmitt and the Doe nurse defendants.

The court received notice from the plaintiff that he is set to be released from custody on June 16, 2020. Dkt. No. 25. Considering the plaintiff's upcoming release date and the effects the COVID-19 pandemic is having on prisons as well as government offices, the court will open limited discovery for ninety days. That means that the plaintiff will need to identify Franko, Whiteside, Schmitt and the Doe defendants by **August 31, 2020**. Between now and August 31, the plaintiff may ask the defendants up to twenty-five written questions (called interrogatories in the Federal Rules) and he may ask them to give him documents that they have in their possession. See Federal Rules of

Civil Procedure 33 and 34; Civil Local Rule 33. However, he should be sure to limit his requests to the issue of identifying these defendants. He will have the opportunity to engage in discovery on the substance of his claims once the issue of the unserved parties is resolved. Once the plaintiff has identified the defendants, he should file a motion to substitute the parties. At that point, the court will order service on the properly named defendants.

The court notes that the plaintiff will need to serve discovery on the *attorney* for the defendants, not on the defendants themselves. In this case, that is Milwaukee County Corporation Counsel for Whiteside and Schmitt (the correctional officer defendants). Because defendant Franko is not represented by Corporation Counsel and has not been able to be served, there is no attorney of record for her on whom the plaintiff can serve discovery requests with respect to the medical defendants. The court suggests that the plaintiff start by asking for and reviewing his medical records, which may contain information about which nurses treated him. Even finding the name of one nurse will help because then he will be able to serve that defendant, which will allow him to serve discovery requests on the attorney who will be representing the medical defendants.

The court is setting a ninety-day deadline, but it knows this process can take time. The plaintiff should ask for more time if he needs it. But if the plaintiff does not either ask for more time or file a motion to substitute by the end of the day on August 31, 2020, the court will assume that he no longer wishes to pursue the claims against Schmitt, Whiteside, Franko and the Doe defendants and will dismiss them from the lawsuit.

## II.    Motion to Appoint Counsel

The plaintiff also filed another motion asking the court to appoint counsel to represent him. Dkt. No. 19. The court previously has denied a motion to appoint counsel. Dkt. No. 12.

As the court explained in its prior order, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one in a civil case. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person must make a reasonable effort to hire private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

As in his prior motion, the plaintiff states in this motion that he contacted three attorneys, and each was unable or unwilling to take on his case. Dkt. No. 19 at 1. The court concludes again that the plaintiff has satisfied the initial requirement of trying to find an attorney on his own.

With respect to the second factor—whether the difficulty of the case, factually or legally, exceeds the plaintiff's ability to present it—the court believes the plaintiff still is able to represent himself. When it denied his prior motion, the court noted that another inmate was helping the plaintiff and informed the plaintiff that he could re-file the motion if he lost that help. The

5

Case 2:18-cv-00594-PP   Filed 06/01/20   Page 5 of 7   Document 26

court also reminded the plaintiff to include the specific reasons he believes he needs an attorney to help him. Dkt. No. 12 at 7.

The plaintiff has now lost (or will soon lose) the help of the other inmate, given the plaintiff's pending release from custody. Dkt. No. 19 at 1. As for the reasons he believes he needs an attorney, the plaintiff says that the issues in his case are complex and he is without legal training or knowledge, which means he will be at a disadvantage when trying to conduct discovery and respond to motions. Id. Nearly every plaintiff who represents himself—whether a prisoner or not—shares these concerns. The plaintiff has not cited anything more specific about his situation, other than losing the help of another inmate. The court understands that the plaintiff is concerned about losing that help. But the plaintiff is also set to be released from custody soon, which means that he will have access to more resources and be able to pursue his case without the restrictions of confinement. Most important, the task he faces right now is identifying the Doe and improperly named defendants. This is a discrete task, and the court has explained to the plaintiff what he will need to do to accomplish it. The court will deny the plaintiff's motion to appoint counsel, but he may renew the motion again if circumstances change. As the court explained before, the demand for volunteer attorneys is high and the supply of attorneys available to volunteer to help *pro se* plaintiffs is low. If the plaintiff renews his motion later in the case, he should be very specific about the challenges he believes he cannot overcome without the help of an attorney.

### III. Conclusion

The court **ORDERS** that discovery is open from the date of this order until the end of the day on **August 31, 2020** for the limited purpose of identifying defendants Franko, Schmitt, Whiteside and the John and Jane Doe

6

Case 2:18-cv-00594-PP   Filed 06/01/20   Page 6 of 7   Document 26

Nurses. Once plaintiff has the names of the defendants, he must file a motion to substitute the incorrectly named and unknown parties. If he fails to do so or fails to ask for more time to do so, the court will dismiss those defendants from the lawsuit.

The court **DENIES** without prejudice the plaintiff's motion to appoint counsel. Dkt. No. 19.

Dated in Milwaukee, Wisconsin, this 1st day of June, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**